IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COLONY INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-CV-04102-NKL |
| ) | |
| SCHLUP INVESTMENT INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants Schlup Investment, Inc. and Michael Schlup (the Schlup defendants) move to stay this declaratory judgment action pending the resolution of a related case that is being heard in the Circuit Court of Camden County, Missouri. [Doc. 11]. Defendant Plaza Gardens on the Lake Condominium Owners' Association, Inc. joins in this motion. [Docs. 16, 22]. For the reasons set forth below, Defendants' motion to stay is DENIED.

**I.     Background**

Plaintiff Colony Insurance Co. filed this action under the Declaratory Judgment Act on April 14, 2014. It concerns whether coverage exists under a commercial general liability insurance policy that Colony issued to Schlup Investment for a separate, civil action that is pending in the Circuit Court of Camden County (the Camden County suit). Colony seeks a declaratory judgment that it does not owe the Schlup defendants, or their officers or agents, a duty to defend or indemnify them in the Camden County suit or in any prior, similar actions.

The Camden County suit was filed on January 9, 2014 and is set for trial in early- to mid-July 2014. That case involves a number of claims brought by the Association against the Schlup defendants arising out of the allegedly defective construction of a condominium complex. Specifically, the Association has asserted claims for negligence; negligent misrepresentation or non-disclosure; negligent hiring, retention, and supervision; breach of warranty; violations of the Missouri Merchandising Practices Act; and violations of the Missouri Uniform Condominium Act.

## II. Discussion

Defendants move to stay this case pending the resolution of the Camden County suit. With respect to cases brought under the Declaratory Judgment Act, district courts possess "unique and substantial discretion" in determining whether to hear the case, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286 (1995). This discretion is at its most broad when there is a parallel case pending in state court involving questions of state law. *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013). The parties to this action agree, however, that the Camden County suit is not a parallel case, as it does not involve substantially the same parties or issues. [Docs. 12 at 5; 17 at 4; 22 at 2]; *see also Lexington Ins. Co.*, 721 F.3d at 968.

Consequently, although the Court still has discretion to stay this case, "that discretion is less broad and is to be exercised according to a six factor test." *Lexington Ins. Co.*, 721 F.3d at 968. The relevant factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;
>
> (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding;
>
> (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;
>
> (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
>
> (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and
>
> (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achiev[e] a federal hearing in a case otherwise not removable.

*Id.* (quotations omitted).

Applying these factors to the present case, a stay is not warranted pending the resolution of the Camden County suit. That case involves the Schlup defendants' potential liability for various torts arising out of the allegedly defective construction of a condominium complex. By contrast, this declaratory judgment action involves whether an insurance policy Colony issued to the Schlup defendants covers the claims asserted in the Camden County suit. This coverage dispute is not at issue in, and will not be resolved by, the Camden County suit, or any other pending state court action. As a result, this action will serve a useful purpose in clarifying the parties' legal relations and afford

3

relief from the uncertainty arising from the controversy over those relations. *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005). Thus, factors one and two favor not granting a stay.

Defendants have not identified any particular state interest in having the coverage dispute resolved in state court, beyond the simple proposition that this dispute involves the application of Missouri law. There is no reason to believe, for instance, that the application of Missouri law in this case would be complicated by a split in authority among Missouri courts, thereby requiring this Court to predict how the Missouri Supreme Court would resolve the conflict. *Cf. Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000). In addition, due to the divergent legal questions presented by these cases, the resolution of the coverage dispute will not conflict with any state court determinations and judicial economy will best be served by permitting this case to go forward. *See Scottsdale Ins. Co.*, 426 F.3d at 999. Thus, factors three and four favor not staying this case.

Defendants primarily argue that a stay is warranted because the declaratory judgment action will necessarily involve questions of fact that overlap with those at issue in the Camden County suit. However, Colony seeks a declaratory judgment that it owes no duty to defend or indemnify the Schlup defendants. While the duty to indemnify may depend on the outcome of the Camden County suit, the duty to defend is determined "based on the facts at the outset of the [underlying] case." *Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir. 2012) (quotation omitted). The existence of this duty is determined by "the language in the policy and the allegations in the

4

complaint," as well as the facts the insurer knew, or reasonably could have known, "at the time the [underlying] lawsuit was filed." *Id.* This determination is expressly not dependent upon what the "trial of the case may show the true facts to be." *Trainwreck W. Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 39 (Mo. Ct. App. 2007). In addition, if the insurer owes no duty to defend, "it likewise owes no duty to indemnify." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883 (8th Cir. 2014).

Consequently, this case may, in theory, be decided without ever needing to resolve any questions of fact that overlap with those at issue in the Camden County suit. Furthermore, this case, which was filed on April 14, 2014, is still in its infancy. The last of the defendants was only recently served, and his answer is not due until July 17, 2014. [Doc. 27]. A Scheduling Order was only recently entered on July 11, 2014, pursuant to which dispositive motions are not due until January 9, 2015, with trial set for May 11, 2015. [Doc. 28]. By contrast, the parties have represented that the Camden County suit is set for trial in early- to mid-July 2014, [Docs. 12 at 7; 22 at 8; 25 at 3], and no party has indicated that this trial date has been changed. Accordingly, there is every reason to believe that the Camden County suit will be resolved well before this case is ready for resolution on the merits.

In any event, considering that the Camden County suit sounds in tort while this declaratory judgment action sounds in contract, any overlapping issues of fact are not sufficient to warrant a stay. Interpreting the relevant provisions of the insurance policy as applied to the facts of this case, specifically whether the Association's alleged injuries are covered or excluded under the policy, is fundamentally distinct from determining the

5

Schlup defendants' liability to the Association. As a result, any potential for factual overlap between these two cases is insignificant and does not outweigh the other factors that favor not staying this case. *See Scottsdale Ins. Co.*, 426 F.3d at 999-1000.

Finally, Defendants concede that there is "no reason to believe that this action is simply an attempt at 'procedural fencing;' " such that the sixth factor is neutral. [Doc. 12 at 7; *accord* Doc. 22 at 9]. Thus, application of the six-factor test counsels decidedly against granting a stay.

### III. Conclusion

For the foregoing reason, Defendants' motion to stay [Doc. 11] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 1, 2014  
Jefferson City, Missouri